**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAVID LEE WAGGONER, and** | ) | |
| **GINA ANNETTE WAGGONER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-0261-CVE-JFJ** |
| | ) | |
| **LISA DELOZIER, in her official capacity** | ) | |
| **as Rogers County Assessor,** | ) | |
| **JASON CARINI, in his official capacity** | ) | |
| **as Rogers County Treasurer,** | ) | |
| **SCOTT WALTON, in his official capacity** | ) | |
| **as Rogers County Sheriff,** | ) | |
| **DAN DELOZIER, in his official capacity** | ) | |
| **as Rogers County Commissioner,** | ) | |
| **STEVE HENDRIX, in his official capacity** | ) | |
| **as Rogers County Commissioner,** | ) | |
| **RON BURROWS, in his official capacity** | ) | |
| **as Rogers County Commissioner,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court is defendants' motion to dismiss and brief in support (Dkt. # 8). Plaintiffs have opposed the motion (Dkt. # 19), and defendants have replied (Dkt. # 20).

On May 4, 2026, plaintiffs filed the current lawsuit against the following Rogers County officials, in their official capacities: Lisa Delozier (County Assessor), Jason Carini (County Treasurer), Scott Walton (County Sheriff), Dan Delozier (County Commissioner), Steve Hendrix (County Commissioner), and Ron Burrows (County Commissioner). Dkt. # 2. Plaintiffs seek prospective declaratory and injunctive relief, alleging that defendants "lack lawful authority" to impose ad valorem property taxes on plaintiffs' property. Id. at 5. The property at issue is real property located in Rogers County, Oklahoma, at 13105 South 4170 Road, Claremore, Oklahoma

74017, which plaintiffs own. Id. at 6. The property lies within the geographic boundaries of the Cherokee Nation Reservation. Id. Plaintiffs hold the property in fee simple. Id. at 9. Plaintiff Gina Waggoner alleges that she is an enrolled citizen of the Cherokee Nation, and plaintiff David Waggonner, who does not allege that he is an enrolled citizen of any Indian Tribe, resides on the property with her. Id. at 2. Plaintiffs allege that defendants have "issued property tax assessments against Plaintiffs' land, continue to assert the validity of such assessments, and maintain enforcement mechanisms including liens, penalties, and potential sale." Id. at 5. Plaintiffs seek an order declaring that defendants' assessment, imposition, and enforcement of ad valorem taxes on the property at issue is unlawful and prohibiting further assessment, imposition, or enforcement of such taxes against the property. Id. at 11.

In a separate lawsuit, Waggoner v. Marsh, 25-CV-0254-GAG-SH (Waggoner I), filed on May 21, 2025, plaintiffs sued many of the same Rogers County officials as here,[1] alleging, inter alia, that the defendants lacked jurisdiction to levy or collect ad valorem tax in Indian country, including on plaintiffs' real property, which is the same property at issue in this case. See Dkt. # 8-16, at 4 (order adopting Magistrate Judge Huntsman's report and recommendation). In Waggoner I, plaintiffs also asserted claims against (1) the Claremore Daily Progress for publishing tax delinquency notices and other notices from state and county court actions affecting plaintiffs and (2) the Oklahoma Turnpike Authority for collecting tolls on turnpikes that cross Indian country. Dkt. # 8-16, at 2. Plaintiffs sought an order declaring void all tax enforcement, toll billing, and sheriff's sales since 1907, as well

[1] In Waggoner I, plaintiff sued the following Rogers County officials, each in their individual and official capacities: Scott Marsh (County Assessor), Jason Carini (County Treasurer), Scott Walton (County Sheriff), Jeanne Heidlage (County Clerk), Ron Burrows (County Commissioner), Steve Hendrix (County Commissioner), Dan Delozier (County Commissioner), and Mark Ballard (County District Attorney). Dkt. # 8-1, at 1.

as all state court actions affecting Indian country, such as marriage licenses, divorces, and child custody orders. Id. at 6. Plaintiffs also sought an order enjoining all similar actions in the future and requested damages. Id. In addition to their individual claims, plaintiffs purported to represent a broad class of individuals who have owned property, traveled, conducted commerce, resided in, or been subject to state court actions within the boundaries of six reservations inside the state of Oklahoma. Id. All defendants moved to dismiss under Federal Rule of Civil Procedure 12(b). Id. The district court dismissed all of plaintiffs' claims and entered judgment in favor of the defendants and against plaintiffs, terminating the case. Id. at 1-2.

As to plaintiffs' claim regarding the assessment, administration, and collection of ad valorem taxes by Rogers County, the district court in Waggoner I found that it lacked subject-matter jurisdiction to hear such claims under the Tax Injunction Act (TIA), 28 U.S.C. § 1341. See Dkt. # 8-16, at 10. Under the TIA, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The district court held that, regardless of the causes of actions asserted, plaintiffs sought to enjoin, suspend, or restrain the assessment, levy, or collection of an Oklahoma state tax and therefore, the TIA applied. Dkt. # 8-16, at 10, 13. The district court also held that Oklahoma law provides a basis for asserting that property is exempt from taxation, a process for recovering any overpayment of taxes, and a right to appeal to a state district court. Id. at 16 (citing Okla. Stat. tit. 68, § 2871(C), (E), (H)).

Plaintiffs have filed an appeal, which is currently pending in the Tenth Circuit (case no. 26-5030), of the judgment entered in Waggoner I. On appeal, plaintiffs have argued that the district court erred by applying the TIA without first addressing whether Oklahoma has lawful authority to

impose the challenged taxes. Dkt. # 8-17, at 5. In their opening brief, plaintiffs did not appeal any of the district court's rulings in Waggoner I regarding plaintiffs' claims against the Claremore Daily Progress and Oklahoma Turnpike Authority defendants. Dkt. # 8-17. The appeal in Waggoner I is fully briefed. See Waggoner v. Marsh, No. 26-5030 (10th Cir.).

The Court sua sponte stays this case pending a ruling by the Tenth Circuit in Waggoner I. In Landis v. North American Co., 299 U.S. 248 (1936), the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket," but:

> [t]he exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Id. at 254-55. Applying Landis, courts have recognized that "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. . . . In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979).

Considering all the factors, the Court finds that this case should be stayed pending a ruling by the Tenth Circuit in Waggoner I. Although plaintiffs raised a wider range of issues in Waggoner I than the issue alleged by plaintiffs in this case, the only issue on appeal is whether the TIA deprives the district court of subject-matter jurisdiction. See Dkt. # 8-17 (plaintiffs' opening appellate brief). The decision by the Tenth Circuit in Waggoner I will almost certainly be dispositive in this case and may resolve plaintiffs' claims. Because of the identity of the issue involved, the Court finds no reason to conclude that the parties will suffer possible damage as a result of the stay. In consideration of maintaining an efficient docket and the fairest course for the parties, this case should be stayed pending the Tenth Circuit's decision in Waggoner I.

**IT IS THEREFORE ORDERED** that, pursuant to LCvR 41-1, this matter is stayed pending a final judgment on appeal in Waggoner I.

**IT IS FURTHER ORDERED** that this matter is **administratively closed** pending either an order of the Court reopening the action, or until this case is dismissed with prejudice by stipulation of the parties.

**DATED** this 29th day of October, 2026.

Claire V. Eagan

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE